UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH PRINCE,

    Plaintiff,

v.                                     CASE NO.: 8:09-cv-1534-T-23TBM

VERIZON FLORIDA, LLC, and
INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS,
LOCAL UNION 824,

    Defendants.
_____/

## **ORDER**

The plaintiff sues (Doc. 2) for damages and injunctive and declaratory relief pursuant to the Florida Civil Rights Act of 1992, Sections 760.01-.10, Florida Statutes, the Florida Private Whistleblower's Act, Sections 448.101-.105, Florida Statutes, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. Additionally, the plaintiff alleges civil conspiracy and breach of contract. The defendant, International Brotherhood of Electrical Workers, Local Union 824, moves to dismiss (Doc. 16) counts six, seven, nine, eleven, fourteen, and sixteen of the plaintiff's complaint. The defendant, Verizon, moves to dismiss (Doc. 15) counts thirteen and fifteen. The plaintiff opposes (Docs. 20 & 21) dismissal of counts fifteen and sixteen, which allege civil conspiracy. Dismissal of counts six, seven, nine, eleven, thirteen, and fourteen is unopposed.

### Background

The plaintiff, an African American male, worked as a "customer zone technician" for the defendant, Verizon, beginning in 2004. During the plaintiff's employment with

Verizon, the plaintiff received a positive performance evaluation and a promotion. The plaintiff consistently arrived at work in a timely manner. Nonetheless, Verizon treated the plaintiff differently than each similarly situated Caucasian employee. For example, Verizon consistently dispatched the plaintiff to the "ghetto" or the "black neighborhood[]" to provide customer service and prevented the plaintiff from working on a certain type of job. Verizon provided the plaintiff with a different "seniority date," which negatively affected both the plaintiff's shift and vacation scheduling. In addition, the defendant provided the plaintiff with less time to recuperate following an injury to the plaintiff's arm.

On July 20, 2007, Kevin Koeberle ("Koeberle"), a Verizon manager, requested that the plaintiff come to Koeberle's office. The purpose of the meeting was to discuss an allegation that the plaintiff falsified a company record and violated a billing provision of Verizon's code of conduct. Before the plaintiff's meeting with Koeberle, another employee overheard a conversation between Koeberle and a union steward, John Glye ("Glye"), during which conversation Koeberle allegedly told Glye to "bring him someone." In response, Glye complained that Koeberle would "let[] the employee off the hook" every time Glye "brought someone" to Koeberle. (Doc. 2, ¶ 23) The employee interpreted the conversation as an agreement between Koeberle and Glye to select an employee for termination.

Glye and another union steward, Allen Brown ("Brown"), attended the plaintiff's meeting with Koeberle. After the meeting, Glye and Brown ordered the plaintiff not to associate with two other African American employees. Rumors circulated about the plaintiff's meeting with Koeberle and an investigation into the plaintiff's misconduct. Although Verizon afforded two similarly situated Caucasian employees an opportunity to

- 2 -

correct comparable or worse billing-related misconduct, Verizon failed to afford the plaintiff any opportunity for remediation. The plaintiff was demoted and terminated despite the plaintiff's objection to Verizon's unlawful conduct.

## Discussion

To state a claim of civil conspiracy under Florida law a plaintiff must allege that two or more parties agreed "to commit an unlawful act." Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1067 (11th Cir. 2007); Diggs v. Baycare Health Sys., Inc., 2008 WL 2484207, *7 (M.D. Fla. 2008) (Bucklew, J.); In re Chira, 353 B.R. 693, 732 (Bankr. S.D. Fla. 2006), aff'd, 567 F.3d 1307 (11th Cir. 2009). The parties must act in accord with an agreement to engage in certain conduct or accomplish a certain result. 353 B.R. at 732. No requirement exists that the parties articulate the agreement—the parties' conduct may imply an agreement. See Voll v. Randazzo, 674 So. 2d 892, 895 (Fla. 5th DCA 1996); 353 B.R. at 732. Additionally, a civil conspiracy claim requires that the plaintiff allege that the parties agreed to commit an unlawful act, or "an independent wrong or tort which would constitute a cause of action if the wrong were done by one person." 2008 WL 2484207 at 7; American Diversified Ins. Servs. v. Union Fidelity Life Ins. Co., 439 So.2d 904, 906 (Fla. 2d DCA 1983); Kee v. National Reserve Life Ins. Co., 918 F.2d 1538 (11th Cir.1990).

In this instance, the plaintiff alleges that the defendants conspired to unlawfully discriminate against African American employees and that the defendants implemented the conspiracy by unlawfully terminating the plaintiff. Standing alone, the conversation between Koeberle and Glye is insufficient to show an agreement to commit an unlawful act. However, the plaintiff alleges that shortly after Koeberle and Glye's conversation,

Koeberle summoned the plaintiff to Koeberle's office. The defendant subsequently demoted and terminated the plaintiff without affording the plaintiff an opportunity for remediation, even though similarly situated Caucasian employees were allowed to correct similar or worse misconduct. Additionally, two other African American employees were summoned to a meeting. Each African American employee was instructed by the union and Verizon not to associate with another African American employee and each was terminated on the same day. Assuming the facts alleged in the complaint and indulging each available inference in the plaintiff's favor, the complaint sufficiently states a plausible claim for conspiracy to discharge the plaintiff for an unlawful reason.

## Conclusion

Accordingly, the defendants' motions (Docs. 15 & 16) to dismiss are **GRANTED IN PART**. Counts six, seven, nine, eleven, thirteen, and fourteen are **DISMISSED**. The defendants' motions are **DENIED** as to counts fifteen and sixteen.

ORDERED in Tampa, Florida, on November 9, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE